MARY WHITE,

        Plaintiff,

  v.

                                                           Case No. 24-cv-1204-pp

MARTIN J. O'MALLEY,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND ORDERING PLAINTIFF TO FILE NOTICE OF RELATED ACTION**

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

      Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is

not employed, she is not married and she has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists no monthly wages or salary but says she receives $730 per month in social security disability payments. Id. at 2. The plaintiff's monthly expenses total between $2,497 and $2,547 ($2,000 rent, $78 alimony or child support, $419-$469 other household expenses). Id. at 2-3. The plaintiff indicates that she does not own a car or her home or any other property of value and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I live with my son, who helps me to pay for the expenses." Id. at 4. The plaintiff has demonstrated that she cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was issued a partly favorably decision by an Administrative Law Judge and that she is appealing the ALJ's determination of the onset date of her disability. Dkt. No. 1 at 2-3. The plaintiff states that the unfavorable portion of the ALJ's decision was not supported by

2

substantial evidence and contains errors of law. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The plaintiff filled out the civil cover sheet when she filed this case, indicating that it is related to a previous case, Case No. 21-cv-784, filed by the same plaintiff against the Commissioner. Dkt. No. 1-1 at 1. The court notes that the civil cover sheet refers a party declaring that a case is a related action to instructions stating that the party must file a notice of related action under Civil Local Rule 3 (E.D. Wis.). Id. at 2. The plaintiff did not file a notice of related action and the court will require her to do so.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that by the end of the day on September 27, 2024, the plaintiff must file a notice of related action complying with Civil L.R. 3(b) and (c).

Dated in Milwaukee, Wisconsin this 23rd day of September, 2024.

                                             **BY THE COURT:**

                                             **HON. PAMELA PEPPER**
                                             **Chief United States District Judge**